UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | |
|---|---|
| MOBILITY WORKX, LLC,<br>　　　　　　　Plaintiff,<br><br>v.<br><br>Ericsson, Inc.,　　　　Defendant. | Case No. 4:24-cv-00796-ALM<br><br>**JURY TRIAL DEMANDED** |
| MOBILITY WORKX, LLC,<br>　　　　　　　Plaintiff,<br><br>v.<br><br>Nokia Corp. et al.,<br>　　　　　　　Defendants. | Case No. 4:24-cv-00797-ALM<br><br>**JURY TRIAL DEMANDED** |
| MOBILITY WORKX, LLC,<br>　　　　　　　Plaintiff,<br><br>v.<br><br>Samsung Elecs. Co., Ltd. et al,<br>　　　　　　　Defendants. | Case No. 4:24-cv-00798-ALM<br><br>**JURY TRIAL DEMANDED** |
| MOBILITY WORKX, LLC,<br>　　　　　　　Plaintiff,<br><br>v.<br><br>Cisco Systems, Inc.,<br>　　　　　　　Defendant. | Case No. 4:24-cv-00799-ALM<br><br>**JURY TRIAL DEMANDED** |

**JOINT RULE 26(f) REPORT**

　　　Plaintiff Mobility Workx LLC ("Mobility Workx" or "Plaintiff") and Defendants Ericsson

Inc. ("Ericsson"), Nokia Corporation, Nokia Solutions and Networks Oy, and Nokia of America

1

Corporation (collectively, "Nokia"), Samsung Electronics Co., Ltd., and Samsung Electronics America, Inc. (collectively, "Samsung"), and Cisco Systems, Inc. ("Cisco") (collectively "Defendants") (collectively with Plaintiff, the "Parties") have conferred as required by Fed. R. Civ. P. 26(f) and the Court's Orders Governing Proceedings and accordingly file this joint report in each of the above-captioned cases.

1. Scheduling Order

The Parties have agreed on a proposed scheduling order (attached as Exhibit A) and ask that the Court enter it.

(a) The Parties do not believe that any specific limits on discovery relating to claim construction are needed.

(b) The Parties do not believe that a Claim Construction Pre-hearing Conference is necessary.

2. Mediation

The Parties believe that mediation would be helpful in this case. At this time the Parties have not yet agreed on a mediator. They are continuing to evaluate potential mediators and will notify the court at the scheduling conference if they have identified an agreed mediator or confirm that they were unable to reach agreement.

3. Limitations on Discovery

Disputed in part.

For purposes of discovery limits, the Parties agree that "side" means the plaintiff or a defendant party group from each of the respective, separately filed cases.  For example, Samsung Electronics Co., Ltd. and Samsung Electronics America, Inc. collectively are a "side," and Mobility Workx LLC is a side.

The Parties also agree that the limitations on discovery provided in Section I of the Order Governing Proceedings should be modified to include unlimited requests for admission directed to the authentication of documents. The Parties also agree that the depositions of experts are not included in the limitations on discovery. The Parties shall meet and confer in good faith regarding hour limitations for depositions of the named inventors of the asserted patents, including to discuss the possibility of Defendants jointly conducting portions of the depositions of the named inventors.

The Parties disagree on whether any additional modifications should be made to the limitations on discovery provided in Section I of the Order Governing Proceedings:

Plaintiff's Position: Plaintiff believes that the limitations should be modified to allow up to seventy (70) hours of deposition time per side.

Defendants' Position: Defendants believe that the limitations should be modified to allow unlimited requests for admission directed to whether a document qualifies as a printed publication under 35 U.S.C. § 102. As to deposition limits, Defendants believe that forty (40) hours of deposition per side for party and nonparty depositions is reasonable and sufficient assuming expert depositions do not count toward the forty (40) hour limit.

4. <u>Identity of Persons Expected to be Deposed</u>

Plaintiff Mobility Workx will disclose individuals with knowledge relevant to the claims or defenses in these cases as part of its Rule 26 disclosures and experts will be disclosed in accordance with the scheduling order and applicable Local and Federal Rules. Defendants may wish to depose these individuals. Mobility Workx expects to depose: Defendants, experts to be disclosed by Defendants, and third party suppliers of equipment or services to Defendants.

Defendants will disclose individuals with knowledge relevant to their claims or defenses in their respective cases as part of their respective Rule 26 disclosures, and experts will be

disclosed in accordance with the scheduling order and applicable Local and Federal Rules. Mobility Workx may wish to depose these individuals. Defendants expect to depose at least the following at this time: Mobility Workx, the named inventors, third parties having prior and/or current ownership interests in the asserted patents, and experts to be disclosed by Mobility Workx.

5. <u>Disclosure of Information</u>

The Parties agree that they will produce the documents required by section H(4) of the Court's Order Governing Proceedings as set forth in the Parties' proposed scheduling order attached hereto.

The Parties are continuing to confer regarding an order addressing the production of electronic information and e-discovery guidelines. The Parties will notify the court whether they have agreed on a proposed order or if any disputes remain no later than March 31, 2025.

6. <u>Preservation</u>

The Parties do not believe that any specific Preservation Order is needed in this case.

7. <u>Other Orders Under Fed. R. Civ. P. 26(c), 16 (b), or 16(c)</u>

Disputed in part.

Plaintiff's Position: Plaintiff believes the Protective Order already entered by the Court in this case with its Order Governing Proceedings is sufficient if merely amended to add a new sub-section (5)(4) permitting disclosure of Confidential Information to "Parties' experts, consultants, and advisors."

Defendants' Position: In order to protect their highly confidential information and to more clearly articulate the specific persons having access to the confidential information, Defendants submit that Paragraph 5 of the Protective Order entered by the Court in this case with its Order Governing Proceedings should be amended as follows:

(5) Protected Documents and any information contained therein shall be disclosed only to the following persons ("Qualified Persons"):

(a) outside counsel of record in this action for the Parties;

(b) employees of such counsel assigned to and reasonably necessary to assist such counsel in the litigation of this action;

(c) no more than two (2) in-house counsel for the receiving Party (1) who have no involvement in competitive decision-making, and (2) who have responsibility for making decisions dealing directly with these litigations; provided that such individuals consent in writing to be bound by the terms of this Order by executing the Undertaking attached as Exhibit A hereto and that the producing Party be given five (5) days from receipt of the signed Undertaking to object to the disclosure before access to any Protected Documents is granted. The Parties agree to promptly confer and use good faith to resolve any such objection. If the Parties are unable to resolve any objection, the objecting Party or Parties shall certify to the Court that the Parties cannot reach an agreement as to an objection related to the disclosure of Protected Documents to an in-house counsel. Thereafter, the Party or Parties objecting to disclosure of the Protected Documents shall have ten (10) days for the date of certification to file a motion for a protective order with respect to the proposed disclosure. The objecting Party shall have the burden of proving the need for a protective order. If the objecting Party or Parties do not timely file a motion for protective order, then the in-house counsel is no longer prohibited from accessing Protected Documents. No disclosure shall occur until and unless the Parties formally agree in writing to the contrary, a Party fails to timely move for a protective order, or a contrary

determination is made by the Court permitting disclosure of Protected Documents to the in-house counsel.

(d) outside consultants or experts retained for the purpose of this litigation, provided that: (1) such consultants or experts are not a named inventor on any asserted patent, not presently an employee of a Party, and do not have competitive decision-making responsibilities for a Party; and (2) before access is given, the consultant or expert has completed the Undertaking attached as Exhibit A hereto and the same is served upon the producing Party with a current curriculum vitae of the consultant or expert at least ten (10) days before access to the Protected Documents is to be given to that consultant or expert to allow for the producing Party to object to and notify the receiving Party in writing that it objects to disclosure of Protected Documents to the consultant or expert. The Parties agree to promptly confer and use good faith to resolve any such objection. If the Parties are unable to resolve any objection, the objecting Party or Parties shall certify to the Court that the Parties cannot reach an agreement as to an objection related to the disclosure of Protected Documents to a consultant or expert. Thereafter, the Party or Parties objecting to disclosure of the Protected Documents shall have ten (10) days for the date of certification to file a motion for a protective order with respect to the proposed disclosure. The objecting Party shall have the burden of proving the need for a protective order. If the objecting Party or Parties do not timely file a motion for protective order, then the consultant or expert is no longer prohibited from accessing Protected Documents. No disclosure shall occur until and unless the Parties formally agree in writing to the contrary, a Party fails to timely move for a protective order, or a contrary determination is made by the Court permitting disclosure of Protected Documents to the expert or consultant;

(e) independent litigation support services, including persons working as translators, court reporters, graphics or design services, jury or trial consulting services, and photocopy, document imaging, and database services retained by counsel and reasonably necessary to assist counsel with the litigation of this action;

(f) the Court and its personnel;

(g) any mediator who is assigned to hear this matter, and his or her staff, subject to their agreement to maintain confidentiality to the same degree as required by this Protective Order; and

(h) an author, signatory, or prior recipient of or person having prior access to the document or the original source of the Protected Documents. Such person shall be given access only to the specific document or information therein.

Protected Documents and information contained therein shall be used solely for the prosecution of this litigation.

A copy of the proposed Undertaking referenced above is attached hereto as Exhibit A.

In order to protect highly sensitive information and confidential information of third parties, Defendants submit that Paragraph 15 of the Protective order entered by the Court in this case with its Order Governing Proceedings should be added as follows:

(15) To the extent a producing Party believes that certain Protected Documents qualifying to be designated as Confidential Information are so sensitive that its dissemination deserves even further limitation, the producing Party may designate such Protected Documents as "Restricted – Attorneys' Eyes Only."  For Protected Documents designated "Restricted – Attorneys' Eyes Only," access to, and disclosure of, such Protected Documents and information shall be limited to individuals listed in Paragraphs 5(a-b) and (d-h).  For the

sake of clarity, however, subject to any objections from a relevant Third Party, those persons identified in Paragraph 5(c) herein shall be allowed to be provided with a description of the scope, payment structure and amount of any license agreement by outside counsel. Such disclosure to persons identified in Paragraph 5(c) shall be solely for the purpose of facilitating settlement negotiations in these litigations.

Defendants also assert that to the extent Plaintiff requests inspection of source code, the Parties will negotiate in good faith as to a further amendment to the Protective Order to govern such inspection.

8. <u>Estimated Trial Time</u>

Mobility Workx submits that the estimated time for a trial in each case would be 7-10 days.

Defendants submit that the estimated time for a trial in each case would be 5-6 days.

9. <u>Name of Attorneys Appearing at the CMC</u>

Daniel Ravicher and Michael Machat will attend the case management conference on behalf of Plaintiff Mobility Workx.

Holly Engelmann and Tia Fenton will attend for Cisco.

Chris Burrell and Melissa Smith will attend for Samsung.

Deron Dacus will attend for Ericsson and Nokia.

10. <u>Other Matters</u>

The Parties have agreed to accept service by email on counsel of record.

The Parties agree that as to the privilege log, no documents dated on or before the filing date of these actions needs to be included on the log.

At this time, the Parties do not believe that there are any other matters for inclusion in the joint conference report.

| | |
|---|---|
| Dated: March 31, 2025 | Respectfully submitted, |
| *Counsel for Plaintiff*<br>*Mobility Workx LLC* | *Counsel for Defendant*<br>*Cisco Systems, Inc.* |
| <u>*/s/ Daniel B. Ravicher*</u><br>Daniel B. Ravicher (FL Bar No. 102809)<br>dan@zeisler-law.com<br>ZEISLER PLLC<br>80 SW 8th St Ste 3110<br>Miami, FL 33130<br>Phone: (786) 505-1205<br><br>Michael Machat (CA Bar No. 109475)<br>michael@machatlaw.com<br>MACHAT & ASSOCIATES, PC<br>8730 W. Sunset Blvd. Ste. 250<br>West Hollywood, CA 90069<br>Phone: (310) 860-1833 | <u>*/s/ Holly E. Engelmann*</u><br>Louis N. Jameson<br>GA State Bar No. 003970<br>wjameson@duanemorris.com<br>DUANE MORRIS LLP<br>1075 Peachtree Street NE, Suite 1700<br>Atlanta, GA 30309<br>Tel: (404) 253-6915<br><br>Tia Fenton<br>tdfenton@duanemorris.com<br>Kevin Anderson<br>kpanderson@duanemorris.com<br>Chris Ricciuti<br>cricciuti@duanemorris.com<br>DUANE MORRIS LLP<br>901 New York Avenue, N.W., Suite 700 East<br>Washington, DC 20001<br>Tel: (202) 776-7800<br><br>Holly E. Engelmann<br>State Bar No. 24040865<br>hengelmann@duanemorris.com<br>DUANE MORRIS LLP<br>Terrace 7<br>2801 Via Fortuna, Suite 200<br>Austin, Texas 78746<br>Tel: (512) 277-2246 |

*Counsel for Defendants Samsung Electronics Co., Ltd. and Samsung Electronics America, Inc.*

*/s/ Melissa Smith*
Melissa R. Smith
State Bar No. 24001351
melissa@gillamsmithlaw.com
GILLAM & SMITH LLP
303 South Washington Avenue
Marshall, Texas 75670
Telephone:     (903) 934-8450
Facsimile:       (903) 934-9257

Christopher J. Burrell (admitted *pro hac vice*)
chris.burrell@faegredrinker.com
Brianna Lynn Silverstein (admitted *pro hac vice*)
brianna.silverstein@faegredrinker.com
FAEGRE DRINKER BIDDLE & REATH LLP
1500 K Street, NW
Suite 1100
Washington, D.C. 20005
Telephone:     (202) 842-8800
Facsimile:       (202) 842-8465

Timothy E. Grimsrud (admitted *pro hac vice*)
tim.grimsrud@faegredrinker.com
FAEGRE DRINKER BIDDLE & REATH LLP 2200 Wells Fargo Center
90 South Seventh Street
Minneapolis, MN 55402
Telephone:     (612) 766-7000
Facsimile:       (612) 766-1600

*Counsel for Defendant Ericsson Inc.*

*/s/ Jacob K. Baron*

Deron R. Dacus
Texas Bar No. 00790553
E-mail: ddacus@dacusfirm.com
THE DACUS FIRM, P.C.
821 ESE Loop 323, Suite 430
Tyler, Texas 75701
903-705-1117 (phone)
903-581-2543 (fax)

Jacob K. Baron, Esq.
MA Bar No.: 652568
Email: jacob.baron@hklaw.com
Joshua C. Krumholz, Esq.
(*Pro hac vice*)
MA Bar No.: 552573
Email: joshua.krumholz@hklaw.com
Jacob W. S. Schneider, Esq.
(*Pro hac vice*)
MA Bar No.: 675315
Email: jacob.schneider@hklaw.com
Allison M. Lucier, Esq.
(*Pro hac vice*)
MA Bar No.: 569193
Email: allison.lucier@hklaw.com
Mark M. Masutani, Esq.
(*Pro hac vice*)
MA Bar No.: 713398
Email: mark.masutani@hklaw.com
HOLLAND & KNIGHT LLP
10 Saint James Avenue; 11th Floor
Boston, MA 02116
Telephone: 617-523-2700
Facsimile: 617-523-6850

*Counsel for Defendants Nokia of America Corporation and Nokia Solutions and Networks Oy*

*/s/ Matthew S. Yungwirth*

Deron R. Dacus
Texas Bar No. 00790553
E-mail: ddacus@dacusfirm.com
THE DACUS FIRM, P.C.
821 ESE Loop 323, Suite 430
Tyler, Texas 75701
903-705-1117 (phone)
903-581-2543 (fax)

Matthew S. Yungwirth
MSYungwirth@duanemorris.com
DUANE MORRIS LLP
1075 Peachtree Street NE, Suite 1700
Atlanta, GA 30309
Telephone: 404.253.6900
Facsimile: 404.253.6901