UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | |
|---|---|
| MOBILITY WORKX, LLC,<br>          Plaintiff,<br><br>v.<br><br>Ericsson, Inc.,     Defendant. | Case No. 4:24-cv-00796-ALM<br><br>**JURY TRIAL DEMANDED** |
| MOBILITY WORKX, LLC,<br>          Plaintiff,<br><br>v.<br><br>Nokia Corp. et al.,<br>          Defendants. | Case No. 4:24-cv-00797-ALM<br><br>**JURY TRIAL DEMANDED** |
| MOBILITY WORKX, LLC,<br>          Plaintiff,<br><br>v.<br><br>Samsung Elecs. Co., Ltd. et al,<br>          Defendants. | Case No. 4:24-cv-00798-ALM<br><br>**JURY TRIAL DEMANDED** |
| MOBILITY WORKX, LLC,<br>          Plaintiff,<br><br>v.<br><br>Cisco Systems, Inc.,<br>          Defendant. | Case No. 4:24-cv-00799-ALM<br><br>**JURY TRIAL DEMANDED** |

## FIRST AMENDED SCHEDULING ORDER

Before the Court is Plaintiff Mobility Workx, LLC's and Defendants Ericsson Inc.'s, Nokia Corporation's, Nokia Solutions and Networks Oy's, and Nokia of America Corporation's, Samsung Electronics Co., Ltd.'s, Samsung Electronics America, Inc.'s, and Cisco Systems, Inc.'s Joint Motion to Amend Scheduling Order. The Court, having considered the Motion, and noting its joint nature, is of

the opinion that the Motion should be and is hereby **GRANTED**. The following actions shall be completed by the date indicated.[1]

| **Amended Deadline** | **Original Deadline** | **Event** |
|---|---|---|
|  | June 3, 2025 | P.R. 3-3 Invalidity Contentions (and P.R. 3-4 document production) to be served. To extent not already required to be disclosed, exchange Mandatory Disclosures on all issues, including damages. |
| **June 10, 2025** | May 22, 2025 | Parties to exchange proposed terms for construction and identify any claim element governed by 35 U.S.C. § 112, ¶ 6 (P.R. 4-1). |
| **October 27, 2025** | May 27, 2025 | Privilege Logs to be exchanged by parties (or a letter to the Court stating that there are no disputes as to claims of privileged documents). |
| **June 24, 2025** | June 11, 2025 | Parties to exchange preliminary proposed claim construction and extrinsic evidence supporting same (P.R. 4-2). |
|  | July 22, 2025 | Parties' Final Amended Pleadings (A motion for leave is required). |
|  | July 11, 2025 | Joint Claim Construction and Prehearing Statement to be filed (P.R. 4-3). Provide an estimate of how many pages are needed to brief the disputed claims. |
|  | August 5, 2025 | Respond to Amended Pleadings. |
|  | August 8, 2025 | Completion date for discovery on claim construction (P.R. 4-4). |
|  | August 25, 2025 | Opening claim construction brief (P.R. 4-5(a)). |

---

[1] If a deadline falls on a Saturday, Sunday, or legal holiday as defined in Fed. R. Civ. P. 6, the effective date is the first federal court business day following the deadline imposed.

|  | | |
|---|---|---|
|  | September 9, 2025 | Submit technology synopsis/tutorial (both hard copy and disk). |
|  | September 8, 2025 | Responsive claim construction brief (P.R. 4-5(b)). |
|  | September 15, 2025 | Reply claim construction brief (P.R. 4-5(c)). |
|  | September 26, 2025 | Parties to file joint claim construction and chart (P.R. 4-5(d)). Parties shall work together to agree on as many claim terms as possible. |
|  | **October 8, 2025** | **Claim Construction hearing at 9:00 a.m.** at the Paul Brown United States Courthouse, 101 E. Pecan Street, Sherman, Texas. |
|  | November 12, 2025 | Deadline for Initial Mandatory Disclosure of all persons, documents, data compilations, and tangible things, which are relevant to a claim or defense of any party and which has not previously been disclosed. This deadline is not an extension of earlier deadlines set out in this court's order or that Patent Rules, nor an excuse to delay disclosure of information. It is a catchall deadline for provision of all remaining information that may be relevant to a claim or defense of any party at trial. |
|  | December 19, 2025 | Parties with burden of proof to designate Expert Witnesses other than claims construction experts and provide their expert witness reports, to include for ALL experts all information set out in Rule 26(2)(B). |
|  | November 12, 2025 | Comply with P.R. 3-7 on designation of willfulness opinions |
|  | January 23, 2026 | Parties designate expert witnesses on issues for which the parties do not bear the burden of proof, and provide their expert witness report, to include for ALL experts all information set out in Rule 26(2)(B).<br><br>Objections to any expert, including Daubert motions, shall be filed within 3 weeks of the Expert Report disclosure. Such objections and motions are limited to ten pages. |

3

|  | | |
|---|---|---|
|  | February 10, 2026 | Discovery Deadline.  All discovery must be served in time to be completed by this date. |
|  | December 22, 2025 | Deadline to file dispositive motions and any other motions that may require a hearing. Regardless of how many dispositive motions a party files, each party is limited to a total of sixty pages for such motions. Each individual motion shall comply with Local Rules CV-7.<br><br>Responses to motions shall be due in accordance with Local Rule CV-7(e). |
|  | 30 days after entry of the claim construction order | Mediation deadline. |
|  | April 13, 2026 | Notice of intent to offer certified records. |
|  | April 13, 2026 | Counsel and unrepresented parties are each responsible for contacting opposing counsel and unrepresented parties to determine how they will prepare the Joint Final Pretrial Order (See www.txed.uscourts.gov) and Proposed Jury Instructions and Verdict Form (or Proposed Findings of Fact and Conclusions of Law in nonjury cases)). |
|  | April 20, 2026 | Deposition Designations due. Each party who proposes to offer a deposition shall serve on all other parties a disclosure identifying the line and page numbers to be offered. All other parties will have seven calendar days to serve a response with any objections and requesting cross examination line and page numbers to be included. Counsel must consult on any objections and only those that cannot be resolved shall be presented to the court.<br><br>The party who served the initial Video Deposition Designation is responsible for preparation of the final edited video in accordance with all parties' designations and the court's rulings on objections. |

| | | |
|---|---|---|
| | April 17, 2026 | Motions in limine due.<br><br>File Joint Final Pretrial Order (See www.txed.uscourts.gov). Exchange Exhibits and deliver copies to the court. At this date, all that is required to be submitted to the court is a hyperlinked exhibit list on disk (2 copies) and no hard copies.<br><br>If Parties will be requesting daily copy of the transcript during trial, they must notify the Court's court reporter, Chris Bickham, Chris_Bickham@txed.uscourts.gov by this date. |
| | May 4, 2026 | Responses to motions in limine due.<br><br>File objections to witnesses, depositions extracts, and exhibits, listed in pre-trial order. This does not extend the deadline to object to expert witnesses. If numerous objections are filed, the court may set a hearing prior to docket call.<br><br>File Proposed Jury Instructions and Form of Verdict (or Proposed Findings of Fact and Conclusions of Law). |
| | **May 18, 2026** | **Final Pretrial Conference at 9:00 a.m.** at the Paul Brown United States Courthouse located at 101 East Pecan Street in Sherman, Texas. |
| | **TBD** | **Jury selection and trial** at 10:00 a.m. at the Paul Brown United States Courthouse located at 101 East Pecan Street in Sherman, Texas. |

**The Court's modifications to P.R. 3-1 and P.R. 3-3 are set out below:**

> **P.R. 3-1(g):** If a party claiming patent infringement asserts that a claim element is a software limitation, the party needs only to identify the elements as a software limitation in its initial compliance with P.R. 3-1, but does not need to identify where such limitation is met in the Accused Instrumentality. At the latest, the party opposing a claim of patent infringement shall produce source code within 30 days of the initial P.R. 3-1 disclosures. After receipt of the source code for the Accused Instrumentality, the party is permitted 60 days to supplement P.R. 3-1 disclosure to identify, with specificity, the source code of the Accused Instrumentality that allegedly satisfies the software claim elements. The party claiming patent infringement shall identify, on an element-by-element basis for each asserted claim, what source code of each Accused Instrumentality allegedly satisfies the software limitations of the asserted claim elements. Any such agreements shall be

5

submitted to the court in camera. This is not an invitation for the party opposing a claim of patent infringement to delay in producing source code. P.R. 3-1(g) does not allow Plaintiff the opportunity to modify or amend any non-software claim contentions.

Defendants are reminded that they have the obligation to produce source code possessed by third parties, if they have the right of control over this code. *See Sensormatic Elecs. Corp. v. WG Sec. Prods., Inc*., 2006 WL 5111116, at *1 (E.D. Tex. Feb. 9, 2006). Within seven days after Plaintiff identifies any elements as software limitations in initial compliance with P.R. 3-1, Defendants shall produce the source code is within their possession, custody, and control. To the extent that source code is not within a particular Defendant's possession, custody, and control, that Defendant shall notify Plaintiff and file with the court declarations and/or affidavits from its representative(s) and counsel attesting to the scope of the search and documents and source code produced in compliance with this Order. These declarations and/or affidavits shall also state with particularity all efforts made to acquire documents and source code from any company affiliated with or having a relationship with that Defendant to manufacture or distribute any accused product. That Defendant also must turn overall documents relevant to its corporate relationship with these companies. Upon receipt of such notification, Plaintiff shall immediately begin the subpoena process to obtain the source code at issue. If, upon a showing that the above requirements have been fulfilled and source code still cannot be obtained from a third party before a deadline, the court may entertain a request for extension of that deadline.

**P.R. 3-3(e):** If a party claiming patent infringement exercises the provisions of P.R. 3-1(g), the party opposing a claim of patent infringement may serve, not later than 30 days after receipt of a P.R. 3-1(g) disclosure, supplemental "Invalidity Contentions" that amend only those claim elements identified as software limitations by the party claiming patent infringement.

## SCOPE OF DISCOVERY

Modification. Taking into account the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake in the litigation, and the importance of the proposed discovery in resolving the issues, the Court modifies the parameters of discovery in the following respects. *See* Fed. R. Civ. P. 26(b)(2).

Disclosure. The parties are reminded of the requirement, set out in this court's Initial Order Governing Proceedings, to have already disclosed, without awaiting a discovery request, information in addition to that required by Fed. R. Civ. P. 26, including names of persons likely to have, and documents containing, information "relevant to the claim or defense of any party."

If there are any questions about whether information is "relevant to the claim or defense of any party" review Local Rule CV-26(d). A party that fails to timely disclose any of the information required to be disclosed by order of this court or by the Federal Rules of Procedure, will not, unless such failure is harmless, be permitted to use such evidence at trial, hearing or in support of a motion.

Electronic Discovery. The parties shall produce information in searchable TIFF format, unless the parties agree otherwise.

<u>Source Code Preservation.</u> Defendants shall maintain full and complete copies of all previous iterations of source code.

The parties are excused from the pretrial disclosure requirements set forth in Federal Rule of Civil Procedure 26(a)(3) as such disclosure is cumulative of this Court's pre-trial order procedures.

## DISCOVERY DISPUTES

In the event the parties encounter a discovery dispute, no motions to compel may be filed until after the parties fulfill the "meet and confer" requirement imposed by this Court's Local Rule CV-7(h). If the parties are unable to resolve the dispute without court intervention, the parties must then call the Court's chambers to schedule a telephone conference regarding the subject matter of the dispute prior to filing any motion to compel. After reviewing the dispute, the Court will resolve the dispute, order the parties to file an appropriate motion, or direct the parties to call the discovery hotline.

A magistrate judge is available during business hours to immediately hear discovery disputes and to enforce provisions of the rules. The hotline number is (903) 590-1198. *See* Local Rule CV-26(e).

## COMPLIANCE

A party is not excused from the requirements of this scheduling order by virtue of the fact that dispositive motions are pending, the party has not completed its investigation, the party challenges the sufficiency of the opposing party's disclosure or because another party has failed to comply with this order or the rules.

Failure to comply with relevant provisions of the Local Rules, the Federal Rules of Civil Procedure or this order may result in the exclusion of evidence at trial, the imposition of sanctions by the Court, or both. If a fellow member of the Bar makes a just request for cooperation or seeks scheduling accommodation, a lawyer will not arbitrarily or unreasonably withhold consent. However, the Court is not bound to accept agreements of counsel to extend deadlines imposed by rule or court order. *See* Local Rule AT-3(j).

## TRIAL

The deadlines for pre-trial matters, such as exchanging exhibits, and objections, are intended to reduce the need for trial objections, side-bar conferences, and repetitive presentation of evidentiary predicates for clearly admissible evidence. Counsel should be familiar with the evidence display system available in the courtroom. Copies of exhibits which will be handed to witnesses should be placed in a three-ring binder, with an additional copy for the court. (To make it easy to direct the witness to the correct exhibit while on the stand, Plaintiff should use a dark colored binder such as black or dark blue. Defendant should use a light-colored binder such as white, red, or light blue.) Alternatively, if exhibits have been scanned and will be presented via a computer projection system, be sure there is a way for the court to view or read them separately so as to be able to understand motions and objections.

Counsel are responsible for informing their clients and witnesses about courtroom dress requirements and protocol, such as silencing pagers and phones, and not chewing gum, reading newspapers, or eating.

## OTHER MATTERS

1. Please note the amendments to the Local Rules regarding motion practice. If a document filed electronically exceeds ten pages in length, including attachments, a paper copy of the filed document must be sent contemporaneously to the undersigned's chambers in Sherman. *See* Local Rule CV-5(a)(9). Courtesy copies over twenty pages long should be bound to the left.

2. Any reply or sur-reply must be filed in accordance with Local Rule CV-6 and Local Rule CV-7(f). The parties are reminded that "[t]he court need **not** wait for the reply or sur-reply before ruling on the motion." Local Rule CV-7(f) (emphasis added).

    **IT IS SO ORDERED.**

    SIGNED this 16th day of May, 2025.

_____
AMOS L. MAZZANT
UNITED STATES DISTRICT JUDGE